IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DONALD WAYNE HARTLEY,** <br> **# 229273,** <br><br> **Plaintiff,** <br><br> v. <br><br> **NATHAN CATE,** *et al.*, <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) No. 3:23-cv-01337 <br> ) <br> ) Judge Trauger <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Donald Wayne Hartley, who is currently in the custody of the Northeast Correctional Complex in Mountain City, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). He has since filed an amended complaint (Doc. No. 11), which is the operative complaint in this action and is now before the court for initial review.

### I. LEGAL STANDARD

The court must conduct an initial review and dismiss the amended complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of a complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff still must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

1

alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

This action was filed under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a viable claim under Section 1983, a complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

## II. THE PLAINTIFF'S ALLEGATIONS

In his amended complaint, the plaintiff identifies 13 defendants: (1) Clare Zanger, (2) Joe Zanger, (3) Nathan Cate, (4) William Cather, (5) David Allen Doyle, (6) Matt Grosland, (7) Davidson County Criminal Court Clerk's Office, (8) Metro Police Department Central Records Division, (9) Davidson County Metro Impound Lot, (10) Sumner County Public Defender's Office, (11) Detective T. Weaver, (12) Detective Landon Brisco, and (13) Detective Holman. (Doc. No. 11 at 2−3, 13−15). He sues Ms. Zanger, Mr. Zanger, Mr. Cate, Mr. Cather, Mr. Doyle, Mr. Grosland, and the Sumner County Public Defender's Office each in their individual capacity. (*Id.* at 2−3, 13−14). He sues all other defendants each in their official capacity. (*Id.* at 13−15).

The plaintiff alleges that Ms. Zanger, Mr. Zanger, Mr. Cate, Mr. Cather, Mr. Doyle, and Mr. Grosland are attorneys who represented him in criminal proceedings in Davidson and Sumner Counties. (*Id.* at 18−27). He indicates that Mr. Cather, Mr. Doyle, and Mr. Grosland were employed by the Sumner County Public Defender's Office. (*Id.* at 12).

2

The plaintiff alleges that

- Ms. Zanger and Mr. Zanger failed to file what would have been a meritorious motion to suppress evidence, failed to provide him with discovery, and pressured him to plead guilty to criminal charges (*Id.* at 18−23);

- Mr. Cate was appointed to represent the plaintiff but did not communicate with him before withdrawing (*Id.* at 26);

- Mr. Cather was appointed to represent the plaintiff and waived a preliminary hearing (*Id.* at 27);

- Mr. Doyle was appointed to represent the plaintiff but never communicated with him except to tell him he was going to die in prison (*Id.* at 24); and

- Mr. Grosland was appointed to represent the plaintiff and also told him he was going to die in prison (*Id.* at 25).

The plaintiff further alleges that the Davidson County Criminal Court Clerk's Office, Metro Police Department Central Records Division, and Davidson County Metro Impound Lot failed to provide him with discovery materials and other information he requested. (*Id.* at 28−30).

Finally, the plaintiff alleges that Detective Weaver, Detective Brisco, and Detective Holman seized and searched his cellular phone without a warrant, consent, or probable cause. (*Id.* at 31−34). Ms. Zanger informed the plaintiff about the alleged warrantless search on April 26, 2023. (*Id.* at 18).

### III.   ANALYSIS

The plaintiff's federal constitutional claims are subject to dismissal for failure to state a claim upon which relief may be granted, and the court will not exercise supplemental jurisdiction over any state-law claims. Accordingly, the amended complaint is subject to dismissal.

**A. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."

To state a claim under Section 1983, a plaintiff must allege two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009); 42 U.S.C. § 1983.

### B. Constitutional Claims Against Attorneys

The plaintiff's constitutional claims against his various attorneys are subject to dismissal for failure to state a claim upon which relief may be granted, because these defendants were not persons acting under color of state law. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty v. Dodson*, 454 U.S. 312, 325 (1981). More generally, "[c]riminal defense attorneys are not considered state actors for purposes of suit under 42 U.S.C. § 1983. Thus, regardless of whether Plaintiff might be able to bring malpractice claims against these attorneys in state court, he cannot bring suit against them in federal court for violation of his federal constitutional rights." *Pearson v. Mooris*, No. 3:15-cv-0578, 2015 WL 3540857, at *2 (M.D. Tenn. June 3, 2015). Accordingly, all constitutional claims against Ms. Zanger, Mr. Zanger, Mr. Cate, Mr. Cather, Mr. Doyle, and Mr. Grosland are subject to dismissal for failure to state a claim upon which relief may be granted.

### C. Claims Against Municipalities

The plaintiff's claims against the Davidson County Criminal Court Clerk's Office, the Davidson County Central Records Division, the Davidson County Metro Impound Lot, and the Sumner County Public Defender's Office, as well as his official-capacity claims against Detectives Weaver, Brisco, and Holman are subject to dismissal for failure to state a claim upon which relief may be granted.

The Davidson County Criminal Court Clerk's Office, the Davidson County Central Records Division, the Davidson County Metro Impound Lot, and the Sumner County Public Defender's Office are not "persons" subject to suit under Section 1983. *See e.g.*, *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (a sheriff's office is not a legal entity that can be sued under Section 1983); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not a person for purposes of Section 1983); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) ("[A] court is not a 'person' within the meaning of that term as used in § 1983."). Because the plaintiff proceeds *pro se*, the court construes the plaintiff's claims against these defendants as claims against Davidson County and Sumner County, respectively. *See Cole v. Robertson Cnty. Sheriff's Dep't*, No. 3:18-cv-0497, 2018 WL 3328075, at *3 (M.D. Tenn. July 6, 2018) (construing claims against municipal law enforcement departments as claims against the municipality itself). Moreover, the plaintiff's official-capacity claims against Detectives Weaver, Brisco, and Holman are properly construed as claims against the municipalities employing these individuals—here, the City of Nashville for Detective Weaver and Sumner County for Detectives Brisco and Holman. (Doc. No. 11 at 14−15); *see Monell v. Dep't of Soc. Servs. New York City*, 436 U.S. 658, 690 n. 55 (1978) ("[O]fficial-capacity suits ... represent only another way of pleading an action against an entity of which an officer is an agent."); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir.2003) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent.").

To state a viable Section 1983 claim against a municipality, a plaintiff must allege that his constitutional injury was caused by "a municipal policy or custom." *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1038 (6th Cir. 2024) (quotation marks omitted). More precisely, a plaintiff must allege "one of the following: '(1) the existence of an illegal official policy or

legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.'" *Id.* (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Here, the plaintiff has not alleged any such municipal policy or custom. He has therefore failed to state a claim upon which relief may be granted against the Davidson County Criminal Court Clerk's Office, the Davidson County Central Records Division, the Davidson County Metro Impound Lot, or the Sumner County Public Defender's Office. He has likewise failed to state a claim upon which relief may be granted against Detective Weaver, Detective Brisco, or Detective Holman in their official capacity. These claims are all subject to dismissal for failure to state a claim upon which relief may be granted.[1]

**D. State-Law Claims**

Plaintiff's legal-malpractice claims are based on Tennessee state law. The court has discretion to retain supplemental jurisdiction over these claims even after dismissing the plaintiff's federal claims. *See* 28 U.S.C. § 1367(c)(3) (providing that "district courts *may* decline to exercise supplemental jurisdiction" in such circumstances (emphasis added)). "However, '[t]he general rule is that when as here the federal claim drops out before trial (here *way* before trial), the federal district court should relinquish jurisdiction over the supplemental claim.'" *Black v. Mt. Pleasant Tennessee Police Dep't*, No. 1-14-00087, 2015 WL 4459158, at *9 (M.D. Tenn. July 20, 2015) (quoting *Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir. 1997)). Here, there is no

---

[1] The plaintiff's Section 1983 claims against Detectives Weaver, Brisco, and Holman also appear to be untimely. The statute of limitations for such claims is one year, and it runs from the date the plaintiff became aware of the facts underlying the claim. *See Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *York v. Fiddler*, No. 3:23-cv-00230, 2023 WL 3168570, at *3 (M.D. Tenn. Apr. 28, 2023). Here, the plaintiff alleges that he learned of the allegedly unlawful search and seizure of his cellular phone on April 26, 2023. (Doc. No. 11 at 18). He did not bring claims against these defendants until May 13, 2024, beyond the one-year limitation period. (*See* Doc. No. 11 at 11).

6

apparent basis for the court to deviate from the general rule and exercise supplemental jurisdiction over the plaintiff's state-law legal-malpractice claims.

## IV. OPPORTUNITY TO AMEND

As explained above, the plaintiff's Section 1983 claims are all subject to dismissal for failure to state a claim upon which relief may be granted, and there is no basis for the court to exercise supplemental jurisdiction over the plaintiff's state-law claims. However, because the plaintiff is proceeding *pro se*, the court finds it appropriate to allow him an opportunity to submit a second amended complaint.

If the plaintiff wishes to proceed in this litigation, he **MUST** file a second amended complaint no later than 30 days after the date this Memorandum Opinion and Order is entered. If the plaintiff submits a timely second amended complaint, the court will screen the second amended complaint in due course upon receipt. Otherwise, this case will be dismissed.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

7

Case 3:23-cv-01337   Document 14   Filed 10/06/25   Page 7 of 7 PageID #: 140